1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY RESTAURANT AND TAVERN RETIREMENT PLAN and LIAN ALAN, DOUGLAS CORNFORD, YULISA ELENES, TAYLOR HUDSON, and JOSE ZARATE, in their capacities as Trustees of the East Bay Restaurant and Tavern Retirement Plan, | Case No.  2:22-cv-01462-RGK-GJS |

Plaintiffs,

v.

GRASSWOOD PARTNERS, INC., a California corporation, DALE H. STEVENS, individually and in his capacity as principal of Grasswood Partners, Inc.

Defendants and
Third- Party Plaintiffs,

STIPULATED PROTECTIVE ORDER[1]

Hon. R. Gary Klausner
Hon. Gail J. Standish (Discovery Mag.)

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

1   v.

2   FUNDAMENTAL CAPITAL
3   MANAGEMENT, LLC, a Delaware
    Corporation, JOHN KRIEGER,
4   individually and in his capacity as
    principal of Fundamental Capital
5   Management, LLC.

6                    Third-Party Defendants.

7

8

9

10  1.    A. PURPOSES AND LIMITATIONS

11          Discovery in this action is likely to involve production of confidential,

12  proprietary or private information for which special protection from public

13  disclosure and from use for any purpose other than prosecuting this litigation may

14  be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

15  enter the following Stipulated Protective Order.  The parties acknowledge that this

16  Order does not confer blanket protections on all disclosures or responses to

17  discovery and that the protection it affords from public disclosure and use extends

18  only to the limited information or items that are entitled to confidential treatment

19  under the applicable legal principles.

20          B. GOOD CAUSE STATEMENT

21          This action involves discovery produced in a prior arbitration before the

22  American Arbitration Association ("AAA"), with the case name *East Bay*

23  *Restaurant and Tavern Retirement Plan and Lian Alan, Douglas Cornford, Yulisa*

24  *Elenes, Kevin Gleason, Wei-Ling Huber and Jose Zarate, in their capacities as*

25  *Trustees of the East Bay Restaurant and Tavern Retirement Plan v. Fundamental*

26  *Capital Management, LLC and John Woodrow Krieger*, and designated as AAA

27  Case No. 01-21-0000-0963.  All discovery, documents, deposition transcriptions, or

28  any and all other materials produced in this prior arbitration are subject to a

                                              2

1    confidentiality provision contained in a settlement agreement that prevents either the

2    Plaintiffs or the Third-Party Defendants from disclosing such discovery to other

3    parties without a protective order.  The settlement agreement pertaining to this prior

4    arbitration was previously submitted under seal as Docket No. 49 on September 23,

5    2022 in this action.  Accordingly, to expedite the flow of information, to facilitate

6    the prompt resolution of disputes over confidentiality of discovery materials, to

7    adequately protect information the parties are entitled to keep confidential, to ensure

8    that the parties are permitted reasonable necessary uses of such material in

9    preparation for and in the conduct of trial, to address their handling at the end of the

10   litigation, and serve the ends of justice, a protective order for such information is

11   justified in this matter.  It is the intent of the parties that information will not be

12   designated as confidential for tactical reasons and that nothing be so designated

13   without a good faith belief that it has been maintained in a confidential, non-public

14   manner, and there is good cause why it should not be part of the public record of this

15   case.

16               C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

17              The parties further acknowledge, as set forth in Section 12.3, below, that this

18   Stipulated Protective Order does not entitle them to file confidential information

19   under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

20   and the standards that will be applied when a party seeks permission from the court

21   to file material under seal.

22              There is a strong presumption that the public has a right of access to judicial

23   proceedings and records in civil cases.  In connection with non-dispositive motions,

24   good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

25   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

26   *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

27   *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

28   require good cause showing), and a specific showing of good cause or compelling

1  reasons with proper evidentiary support and legal justification, must be made with

2  respect to Protected Material that a party seeks to file under seal.  The parties' mere

3  designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

4  without the submission of competent evidence by declaration, establishing that the

5  material sought to be filed under seal qualifies as confidential, privileged, or

6  otherwise protectable—constitute good cause.

7        Further, if a party requests sealing related to a dispositive motion or trial, then

8  compelling reasons, not only good cause, for the sealing must be shown, and the

9  relief sought shall be narrowly tailored to serve the specific interest to be protected.

10  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

11  each item or type of information, document, or thing sought to be filed or introduced

12  under seal in connection with a dispositive motion or trial, the party seeking

13  protection must articulate compelling reasons, supported by specific facts and legal

14  justification, for the requested sealing order.  Again, competent evidence supporting

15  the application to file documents under seal must be provided by declaration.

16        Any document that is not confidential, privileged, or otherwise protectable in

17  its entirety will not be filed under seal if the confidential portions can be redacted.

18  If documents can be redacted, then a redacted version for public viewing, omitting

19  only the confidential, privileged, or otherwise protectable portions of the document,

20  shall be filed.  Any application that seeks to file documents under seal in their

21  entirety should include an explanation of why redaction is not feasible.

22  2.    DEFINITIONS

23        2.1    Action means the above-entitled proceeding, designated as case No.

24  2:22-cv-01462-RGK-GJS.

25        2.2    Challenging Party:  a Party or Non-Party that challenges the

26  designation of information or items under this Order.

27        2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

28  how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1    2.13   Professional Vendors:  persons or entities that provide litigation

2  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

3  demonstrations, and organizing, storing, or retrieving data in any form or medium)

4  and their employees and subcontractors.

5    2.14   Protected Material:  any Disclosure or Discovery Material that is

6  designated as "CONFIDENTIAL."

7    2.15   Receiving Party:  a Party that receives Disclosure or Discovery

8  Material from a Producing Party.

9  3.    SCOPE

10  This Stipulated Protective Order shall apply to all prior produced discovery,

11  documents, deposition transcriptions, or any and all other materials related to the

12  prior AAA matter, with the case name *East Bay Restaurant and Tavern Retirement*

13  *Plan and Lian Alan, Douglas Cornford, Yulisa Elenes, Kevin Gleason, Wei-Ling*

14  *Huber and Jose Zarate, in their capacities as Trustees of the East Bay Restaurant*

15  *and Tavern Retirement Plan v. Fundamental Capital Management, LLC and John*

16  *Woodrow Krieger*, and designated as AAA Case No. 01-21-0000-0963.

17  The protections conferred by this Stipulation and Order cover not only

18  Protected Material (as defined above), but also (1) any information copied or

19  extracted from Protected Material; (2) all copies, excerpts, summaries, or

20  compilations of Protected Material; and (3) any testimony, conversations, or

21  presentations by Parties or their Counsel that might reveal Protected Material.

22  Any use of Protected Material at trial shall be governed by the orders of the

23  trial judge.  This Order does not govern the use of Protected Material at trial.

24  4.    DURATION

25  FINAL DISPOSITION of the action is defined as the conclusion of any

26  appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

27  has run.  Except as set forth below, the terms of this protective order apply through

28  FINAL DISPOSITION of the action.  The parties may stipulate that the they will be

1   contractually bound by the terms of this agreement beyond FINAL DISPOSITION,

2   but will have to file a separate action for enforcement of the agreement once all

3   proceedings in this case are complete.

4         Once a case proceeds to trial, information that was designated as

5   CONFIDENTIAL or maintained pursuant to this protective order used or introduced

6   as an exhibit at trial becomes public and will be presumptively available to all

7   members of the public, including the press, unless compelling reasons supported by

8   specific factual findings to proceed otherwise are made to the trial judge in advance

9   of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"

10  showing for sealing documents produced in discovery from "compelling reasons"

11  standard when merits-related documents are part of court record).  Accordingly, for

12  such materials, the terms of this protective order do not extend beyond the

13  commencement of the trial.

14  5.      DESIGNATING PROTECTED MATERIAL

15        5.1    Exercise of Restraint and Care in Designating Material for Protection.

16  Each Party or Non-Party that designates information or items for protection under

17  this Order must take care to limit any such designation to specific material that

18  qualifies under the appropriate standards.  The Designating Party must designate for

19  protection only those parts of material, documents, items or oral or written

20  communications that qualify so that other portions of the material, documents, items

21  or communications for which protection is not warranted are not swept unjustifiably

22  within the ambit of this Order.

23        Mass, indiscriminate or routinized designations are prohibited.  Designations

24  that are shown to be clearly unjustified or that have been made for an improper

25  purpose (e.g., to unnecessarily encumber the case development process or to impose

26  unnecessary expenses and burdens on other parties) may expose the Designating

27  Party to sanctions.

28        If it comes to a Designating Party's attention that information or items that it

1   designated for protection do not qualify for protection, that Designating Party must

2   promptly notify all other Parties that it is withdrawing the inapplicable designation.

3        5.2    Manner and Timing of Designations.  Except as otherwise provided in

4   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

5   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

6   under this Order must be clearly so designated before the material is disclosed or

7   produced.

8        Designation in conformity with this Order requires:

9        (a)  for information in documentary form (e.g., paper or electronic

10  documents, but excluding transcripts of depositions or other pretrial or trial

11  proceedings), that the Producing Party affix at a minimum, the legend

12  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

13  contains protected material.  If only a portion of the material on a page qualifies for

14  protection, the Producing Party also must clearly identify the protected portion(s)

15  (e.g., by making appropriate markings in the margins).

16       A Party or Non-Party that makes original documents available for inspection

17  need not designate them for protection until after the inspecting Party has indicated

18  which documents it would like copied and produced.  During the inspection and

19  before the designation, all of the material made available for inspection shall be

20  deemed "CONFIDENTIAL."  After the inspecting Party has identified the

21  documents it wants copied and produced, the Producing Party must determine which

22  documents, or portions thereof, qualify for protection under this Order.  Then,

23  before producing the specified documents, the Producing Party must affix the

24  "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

25  portion of the material on a page qualifies for protection, the Producing Party also

26  must clearly identify the protected portion(s) (e.g., by making appropriate markings

27  in the margins).

28       (b)  for testimony given in depositions that the Designating Party identifies

8

the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

        (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)  the court and its personnel;

        (e)  court reporters and their staff;

        (f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (g)  the author or recipient of a document containing the information or a

2    custodian or other person who otherwise possessed or knew the information;

3    (h)  during their depositions, witnesses, and attorneys for witnesses, in the

4    Action to whom disclosure is reasonably necessary provided: (1) the deposing party

5    requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

6    not be permitted to keep any confidential information unless they sign the

7    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

8    agreed by the Designating Party or ordered by the court.  Pages of transcribed

9    deposition testimony or exhibits to depositions that reveal Protected Material may

10   be separately bound by the court reporter and may not be disclosed to anyone except

11   as permitted under this Stipulated Protective Order; and

12   (i)  any mediator or settlement officer, and their supporting personnel,

13   mutually agreed upon by any of the parties engaged in settlement discussions.

14   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

15         IN OTHER LITIGATION

16   If a Party is served with a subpoena or a court order issued in other litigation

17   that compels disclosure of any information or items designated in this Action as

18   "CONFIDENTIAL," that Party must:

19   (a)  promptly notify in writing the Designating Party.  Such notification

20   shall include a copy of the subpoena or court order;

21   (b)  promptly notify in writing the party who caused the subpoena or order

22   to issue in the other litigation that some or all of the material covered by the

23   subpoena or order is subject to this Protective Order.  Such notification shall include

24   a copy of this Stipulated Protective Order; and

25   (c)  cooperate with respect to all reasonable procedures sought to be

26   pursued by the Designating Party whose Protected Material may be affected.

27   If the Designating Party timely seeks a protective order, the Party served with

28   the subpoena or court order shall not produce any information designated in this

11

1   action as "CONFIDENTIAL" before a determination by the court from which the

2   subpoena or order issued, unless the Party has obtained the Designating Party's

3   permission.  The Designating Party shall bear the burden and expense of seeking

4   protection in that court of its confidential material and nothing in these provisions

5   should be construed as authorizing or encouraging a Receiving Party in this Action

6   to disobey a lawful directive from another court.

7   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

8           PRODUCED IN THIS LITIGATION

9           (a)  The terms of this Order are applicable to information produced by a

10  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

11  produced by Non-Parties in connection with this litigation is protected by the

12  remedies and relief provided by this Order.  Nothing in these provisions should be

13  construed as prohibiting a Non-Party from seeking additional protections.

14          (b)  In the event that a Party is required, by a valid discovery request, to

15  produce a Non-Party's confidential information in its possession, and the Party is

16  subject to an agreement with the Non-Party not to produce the Non-Party's

17  confidential information, then the Party shall:

18              (1)  promptly notify in writing the Requesting Party and the Non-Party

19  that some or all of the information requested is subject to a confidentiality

20  agreement with a Non-Party;

21              (2)  promptly provide the Non-Party with a copy of the Stipulated

22  Protective Order in this Action, the relevant discovery request(s), and a reasonably

23  specific description of the information requested; and

24              (3)  make the information requested available for inspection by the

25  Non-Party, if requested.

26          (c)  If the Non-Party fails to seek a protective order from this court within

27  14 days of receiving the notice and accompanying information, the Receiving Party

28  may produce the Non-Party's confidential information responsive to the discovery

12

1  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

2  not produce any information in its possession or control that is subject to the

3  confidentiality agreement with the Non-Party before a determination by the court.

4  Absent a court order to the contrary, the Non-Party shall bear the burden and

5  expense of seeking protection in this court of its Protected Material.

6  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

8  Protected Material to any person or in any circumstance not authorized under this

9  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

10 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

11 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

12 persons to whom unauthorized disclosures were made of all the terms of this Order,

13 and (d) request such person or persons to execute the "Acknowledgment and

14 Agreement to Be Bound" that is attached hereto as Exhibit A.

15 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

16        PROTECTED MATERIAL

17        When a Producing Party gives notice to Receiving Parties that certain

18 inadvertently produced material is subject to a claim of privilege or other protection,

19 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

20 Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

21 procedure may be established in an e-discovery order that provides for production

22 without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

23 (e), insofar as the parties reach an agreement on the effect of disclosure of a

24 communication or information covered by the attorney-client privilege or work

25 product protection, the parties may incorporate their agreement in the stipulated

26 protective order submitted to the court.

27 12.    MISCELLANEOUS

28        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

1    person to seek its modification by the Court in the future.

2        12.2    Right to Assert Other Objections.  By stipulating to the entry of this

3    Protective Order, no Party waives any right it otherwise would have to object to

4    disclosing or producing any information or item on any ground not addressed in this

5    Stipulated Protective Order.  Similarly, no Party waives any right to object on any

6    ground to use in evidence of any of the material covered by this Protective Order.

7        12.3    Filing Protected Material.  A Party that seeks to file under seal any

8    Protected Material must comply with Local Civil Rule 79-5.  Protected Material

9    may only be filed under seal pursuant to a court order authorizing the sealing of the

10   specific Protected Material at issue.  If a Party's request to file Protected Material

11   under seal is denied by the court, then the Receiving Party may file the information

12   in the public record unless otherwise instructed by the court.

13   13.    FINAL DISPOSITION

14       After the final disposition of this Action, as defined in paragraph 4, within 60

15   days of a written request by the Designating Party, each Receiving Party must return

16   all Protected Material to the Producing Party or destroy such material.  As used in

17   this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

18   summaries, and any other format reproducing or capturing any of the Protected

19   Material.  Whether the Protected Material is returned or destroyed, the Receiving

20   Party must submit a written certification to the Producing Party (and, if not the same

21   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

22   (by category, where appropriate) all the Protected Material that was returned or

23   destroyed and (2) affirms that the Receiving Party has not retained any copies,

24   abstracts, compilations, summaries or any other format reproducing or capturing any

25   of the Protected Material. Notwithstanding this provision, Counsel are entitled to

26   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

27   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

28   reports, attorney work product, and consultant and expert work product, even if such

1  materials contain Protected Material.  Any such archival copies that contain or

2  constitute Protected Material remain subject to this Protective Order as set forth in

3  Section 4 (DURATION).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: <u>December 8, 2022</u>


<u>/s/ Drew G. Stark</u>
Shawn C. Groff
Drew G. Stark
Attorneys for Plaintiffs



DATED: <u>December 8, 2022</u>


<u>/s/ Caelan D. Rottman</u>
Phillip Boesch
Caelan D. Rottman
Attorneys for Defendants and Third-Party Plaintiffs


DATED: <u>December 8, 2022</u>

<u>/s/ Keri Curtis Axel</u>
Keri Curtis Axel
Melissa A. Meister
Attorneys for Third-Party Defendants


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:  <u>December 12, 2022</u>

_____
HON. GAIL J. STANDISH
United States Magistrate Judge

16

1

## **LOCAL RULE 5-4.3.4 ATTESTATION**

2          I, Drew G. Stark, hereby attest that all other signatories listed, and on whose

3 behalf the filing is submitted, concur in the filing's content and have authorized the

4 filing.

5

6 Dated: December 8, 2022                    LEONARD CARDER, LLP

7

                                        By:    /s/ Drew G. Stark
8                                              Drew G. Stark

9
                                               *Counsel for Plaintiffs*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ in the case of *East Bay Restaurant and Tavern Retirement Plan v.*

*Grasswood Partners, Inc., et al.*, case No. 2:22-cv-01462-RGK-GJS.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and

I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

18